**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE MITCHELL COMPANY, INC. and RIGHTWAY DRYWALL, INC.,**<br><br>Defendants. | Civil Action 5:09-CV-374 (HL) |

**ORDER**

This case is before the Court on Defendant The Mitchell Company, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13).

Mitchell is a construction company organized under the laws of the State of Alabama, with its principal place of business in Mobile, Alabama. On March 6, 2009, Mitchell filed a purported class action lawsuit, on behalf of itself and others similarly situated, in the United States District Court for the Northern District of Florida. Defendant Rightway Drywall, Inc. is named as a defendant in the Florida case, along with four other entities.

Mitchell contends in the Florida case that the defendants, including Rightway, manufactured, distributed, and sold defective Chinese drywall that was used by Mitchell in the construction of homes in Alabama and Florida. Apart from its individual claims, Mitchell seeks to represent a class which would include all persons

and entities in Alabama, Mississippi, Louisiana, Georgia, Texas, and Florida who used drywall manufactured or distributed by the defendants, including Rightway.

Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company issued consecutive commercial general liability insurance and commercial umbrella insurance policies to Rightway, with effective policy periods from January 1, 2002 to January 1, 2007. On October 22, 2009, Plaintiffs filed this declaratory judgment action in which they seek a judgment stating that Plaintiffs have no duty to defend or indemnify Rightway for the claims asserted against Rightway in the Florida lawsuit.

Mitchell contends that this Court lacks personal jurisdiction over it, and argues that it should be dismissed from the declaratory judgment action pursuant to Fed. R. Civ. P. 12. Mitchell has presented evidence in the form of an affidavit that it is not registered to do business in Georgia, does not maintain an office in Georgia, does not have any employees in Georgia, does not own or lease any property in Georgia, has no financial accounts in Georgia, and does not advertise or market its services in Georgia. Mitchell further states that the last construction project it performed in Georgia was completed in 1991 and sold in 1993, and that it has not conducted any business in Georgia since that time. In another affidavit, Mitchell states that all of its interaction with Rightway occurred in Florida, and none of Mitchell's employees traveled to Georgia, where Rightway is based, for the purchase, pick up, or delivery of Rightway's drywall.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (internal quotation marks omitted). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id. (internal quotation marks omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Id. (internal quotation marks omitted).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. at 1257-58.

Georgia's long-arm statute permits courts to exercise personal jurisdiction over a non-resident corporation that: (1) transacts any business within this state; (2) commits a tortious act or omission within this state, . . . ; (3) commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in

this state; or (4) owns, uses, or possesses any real property situated within this state. O.C.G.A. § 9-10-91.

Plaintiffs have not shown how personal jurisdiction over Mitchell is proper under any of these provisions. Instead, Plaintiffs contend that because Mitchell seeks in the Florida lawsuit to represent a class of plaintiffs which includes Georgia persons and entities, Mitchell is subject to personal jurisdiction in Georgia.

A review of the case docket for the Florida lawsuit shows that the case has not yet been certified as a class action. Mitchell Company, Inc. v. Knauf GIPS KG, et al., Civil Action No. 3:09-CV-89 (N.D. Fla.). The Court does not see how a pending request on the part of Mitchell to represent the class of plaintiffs creates personal jurisdiction in this state.[1] Plaintiffs have not pointed the Court to any authority to support its position that the long arm statute somehow extends jurisdiction over Mitchell under these circumstances, and it is not the Court's responsibility to develop Plaintiffs' arguments for them.

As Plaintiffs have not shown that the Georgia long arm statute applies to Mitchell, this Court cannot exercise personal jurisdiction over Mitchell in this case. Accordingly, Mitchell's Motion to Dismiss (Doc. 13) is granted, and Mitchell is dismissed from this case. Plaintiffs are to inform the Court in writing no later than February 24, 2011 as to whether they intend to proceed with this case.

---

[1] There is no need at this time to resolve the issue of whether class certification would in fact create personal jurisdiction over Mitchell.

**SO ORDERED**, this the 9th day of February, 2011.

<u>*s/ Hugh Lawson*</u>

mbh     **HUGH LAWSON, SENIOR JUDGE**