IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY and<br>AUTO-OWNERS INSURANCE COMPANY,<br>    Plaintiffs,<br><br>v.<br><br>RIGHTWAY DRYWALL, INC.,<br>Defendant. | CIVIL ACTION FILE<br>NO. 5:09-CV-00374-HL |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Rightway Drywall, Inc. ("Rightway"), and moves this Court to grant its Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment. This Court previously dismissed an indispensible party The Mitchell Company, Inc. ("Mitchell") from this action and any judgment rendered in the absence Mitchell will create an undue burden against that party such that Plaintiffs' Complaint for Declaratory Judgment must be dismissed.

## FACTS RELEVANT TO PLAINTIFF'S MOTION

On March 6, 2009, Mitchell filed its class action suit in the Northern District of Florida alleging that Rightway improperly designed, manufactured and sold drywall to Mitchell and other class members who used such product in building construction. Rightway then sought indemnity under insurance contracts issued by Plaintiffs and Plaintiffs filed this action for declaratory judgment on October 22, 2009 stating that the insurance contracts at issue do not cover the acts and allegations at issue in Mitchell's underlying complaint. Mitchell then filed its Motion to Dismiss for Lack of personal jurisdiction on January 15, 2010 and this Court then granted said motion on February 9, 2011.

**ARGUMENT AND CITATION OF AUTHORITY**

This court dismissed the underlying tort claimant Mitchell from this action and any judgment rendered in this case will prejudice Mitchell such that this proceeding against the remaining party Rightway should be dismissed. "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscious, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b).

**A. Relevant Authority**

"A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 848 (11th Cir. 1999). The court in Laker Airways stated that the primary factor weighing in favor of dismissal of the action was that prejudice would accrue to the interest of the nonjoined party. Id. 849-850. The Eleventh Circuit has recognized that a tort claimant is a necessary party to a declaratory judgment action between an insurer and an insured for the purposes of Rule 19. See Ranger Insurance Co. v. United Hous. of N.M., Inc., 488 F.2d 682, 683 n. 3 (5th Cir.1974); see also American Safety Cas. Ins. Co. v. Condor Assocs., 129 Fed. Appx. 540, 542 (11th Cir. 2005) (discussing Ranger and suggesting that the district court would have erred in failing to follow it).

Mitchell as a tort claimant bringing an action against Rightway, the insured party, will face substantial prejudice and potentially have no means of recovery in its underlying claim if it is not joined to this action. If it is determined that Plaintiffs' insurance policies do not cover

Mitchell's claims against Rightway then Mitchell will lose access to a significant and possibly only means of recovery. Because of such potential prejudice Mitchell should be deemed an indispensible party to this action.

An absent tort claimant is an indispensable party to a liability insurer's declaratory judgment claim seeking a determination that it has no duty to defend or indemnify the insured party in the underlying tort action because the tort claimant's interests will be prejudiced if the action proceeds in its absence. American Safety, 129 Fed. Appx. at 542. In American Safety an insurance company brought an action for declaratory judgment arguing that it had no duty under the insurance policy to defend or indemnity its insured party after the insured party was sued by a tort claimant in an underlying action. The district court found that the tort claimant who was injured while working as a subcontractor for the insured was an indispensable party to the declaratory judgment suit and dismissed the insurance company's declaratory judgment action against its insured party for failure to join this indispensable party. The 11th Circuit then affirmed the decision of the District Court. The court reasoned that the tort claimant would be unduly prejudiced if the suit was allowed to proceed against it since the insured as well as the tort claimant would both be benefited by a finding that the insurance policy at issue in the declaratory judgment action afforded coverage of the tort claimants claims in the underlying suit.

Additionally, in Ranger the district court dismissed an insurer's declaratory judgment action and the court of appeals then affirmed the decision and held that failure to join the underlying tort claimant against the insured into the declaratory judgment proceeding seeking determination that the policy did not provide coverage warranted dismissal. In Ranger the insurer sought to establish that the coverage provisions of its insurance contract with the insured did not cover a claim arising from a fatal crash. Because the insurer failed to join certain interested

claimants to the declaratory judgment action, said claim against the insured party was dismissed. The court cited to Abbot Laboratories v. Gardner, 387 U.S. 136, 155, 87 S.Ct. 1507, 1519 (US 1967) stating that courts "may even refuse declaratory relieve for nonjoinder of interested parties who are not, technically speaking, indispensable." It also stated that "a district court's power to dismiss for failure to join a party in a declaratory judgment action is not restricted to that provided by Rule 19(b)… However, we do not pass on this question because we conclude that the claimants are indispensable parties under the conventional Rule 19(b) approach." Ranger, 488 F.2d at 683.

Whether or not an action should proceed among the current parties or whether it should be dismissed for failure to join an indispensable party under 19(b) depends on the following four factors:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;

(2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(3) Whether a judgment rendered in the person's absence will be adequate;

(4) Whether the plaintiff will have adequate remedy if the action is dismissed for nonjoinder.

In considering the first factor the court stated that it was "nonsensical to suggest that a declaration, in this Court, of liability or non-liability will have no practical effect upon the [claimants]" and reasoned that the nonjoined claimants interests would be prejudiced by a judgment against the insured in the declaratory judgment action. Id.  Under the second factor the court proposed that the district court could shape relief to avoid prejudicing the nonjoined

claimant by enjoining the insurer from raising its judgment of noncoverage as a defense to a direct action by the claimant. However, the court reasoned that even a carefully shaped judgment might prejudice the underlying claimant thus violating the first Rule 19(b) factor or would not be adequate to resolve the claims at issue thus violating the third Rule 19(b) factor. In regards to this third factor the court believed that a judgment shaped to avoid prejudice against the nonjoined tort claimants could force relitigation of the very issues involved in the declaratory judgment action regarding whether the insurer is liable under the insurance contract for claims at issue in the underlying tort action. Finally, under the fourth factor the court stated that the insurer was not without an adequate alternative remedy in that it could seek its declaratory judgment in another state where the underlying tort claimants could be joined. Id. at 683-684.

"Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolved upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court." Id. at 683. Ultimately, the court held that the appellant insurer failed to carry its burden of establish that this case would not prejudice absent parties or that it would not be wasteful, uneconomical litigation that would be more efficiently conducted in another forum. Id. at 684.

### B. Application of Authority

Mitchell will face substantial prejudice if it is not joined as a party to this claim. A decision here greatly affects Mitchell's ability to recover against Rightway in its underlying claim and it is doubtful that a judgment can be formed that prevents this prejudice against Mitchell while adequately resolving the issues in this Complaint. Additionally, Plaintiffs have an adequate remedy in another jurisdiction where all parties are subject to jurisdiction and therefore this Court should dismiss Plaintiffs' Complaint for Declaratory Judgment.

Where an insurer brings a claim for declaratory judgment seeking determination that it has no duty to defend or indemnify the insured party, the underlying tort claimant is an indispensible party such that the claim for declaratory judgment must be dismissed if the claimant is not joined to the action. Here, Plaintiffs as the insurers seek a declaratory judgment against Rightway the insured just as the insurance companies in <u>American Safety</u> and <u>Ranger</u> sought a declaration that the insurance policy did not provide coverage for the tort claims in an underlying action. In both cases the tort claimant was not joined as a party to the declaratory judgment action just as Mitchell is no longer joined here. Although Mitchell was joined to this action at one time and was subsequently dismissed, the current state of the case is the same as in <u>American Safety</u> and <u>Ranger</u> in that the underlying tort claimant is currently not joined to this action. Just as the courts in <u>American Safety</u> and <u>Ranger</u> dismissed declaratory judgment actions that failed to join the underlying tort claimant, this Court must find that claimant Mitchell will face undue prejudice if this action, which seeks to declare that the insurance contracts do not cover Rightway for the allegations made by Mitchell, proceeds in Mitchell's absence and must therefore dismiss Plaintiffs' action for declaratory judgment.

In regard to the Rule 19(b) four factors that courts considers in determining whether an action should proceed for failure to join an indispensible party, here as well as in <u>Ranger</u> it is "nonsensical" to suggest that a declaration of liability or non-liability between insurer Plaintiffs and insured Rightway will have no practical effect upon tort claimant Mitchell. If this court rules in Mitchell's absence that the insurance contracts do not cover the acts alleged by Mitchell, then Mitchell's potential recovery will be substantially limited. Additionally, this court faces the same issues as the court in <u>Ranger</u> in that it cannot simultaneously satisfy the second and third Rule 19(b) factors because Mitchell will either be prejudiced by the Court's judgment or if a judgment

is carefully shaped to avoid such prejudice, said judgment will be inadequate to resolve Plaintiffs' claims. Finally, Plaintiffs have an adequate alternative remedy just as the Plaintiffs in Ranger in that Plaintiffs may bring this action in a court where both Mitchell and Rightway are subject to personal jurisdiction.

The initial appraisal of these facts reveals the possibility that the unjoined tort claimant Mitchell is an indispensable party and thus according to Ranger the burden rests on Plaintiffs to show that Mitchell is not indispensable. The facts and allegations presented in this action and in Mitchell's underlying claim reveal that Mitchell will be prejudiced if not joined to this action. Additionally, litigation will be more efficiently and adequately conducted in another forum where Mitchell is subject to personal jurisdiction.

## CONCLUSION

Based on the foregoing, Plaintiffs failed to join an indispensable party to this action and therefore Plaintiffs' Complaint for Declaratory Judgment must be dismissed.

Respectfully submitted, this 19th day of April, 2010

**MANER CRUMLY CHAMBLISS LLP**

Vinings Square, Suite B-101
2900 Paces Ferry Road
Atlanta, Georgia 30339
(770) 430-0310
(404) 549-4666 (facsimile)
jcrumly@manercc.com

/s/Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr., Esq.
Georgia Bar No. 199466
*Attorneys for Defendant Rightway Drywall, Inc.*

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE CO., and<br>AUTO-OWNERS INSURANCE CO.,<br>    Plaintiffs<br><br>vs.<br><br>RIGHTWAY DRYWALL, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>No. 5:09-CV-374 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the **BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS** by electronically filing the same with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 19th day of April, 2011.

/s/ Jonathan D. Crumly, Sr.
Jonathan D. Crumly, Sr.