IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

```
OWNERS INSURANCE COMPANY and      )
AUTO-OWNERS INSURANCE COMPANY,    )
                                  )
     Plaintiffs,                  )   CIVIL ACTION FILE
                                  )
v.                                )   NO. 5:09-CV-00374-HL
                                  )
RIGHTWAY DRYWALL, INC.,           )
                                  )
     Defendant.                   )
```

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

COME NOW Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company and file this response in opposition to Defendant Rightway Drywall, Inc.'s ("Rightway") Motion to Dismiss this declaratory judgment action pursuant to Federal Rule of Civil Procedure 19(b), showing the Court the following:

**BACKGROUND**

This action arises out of a purported class action lawsuit filed on March 6, 2009 against Rightway and others by The Mitchell Company, Inc. ("Mitchell"), a construction company that has built homes and/or apartments in several states, including Alabama, Mississippi, Louisiana, Georgia and Florida, on behalf of itself and others similarly situated, in the United States District Court for the Northern District of Florida, Civil Action File No. 3:09-CV-00089-MCR-MD ("Underlying Lawsuit"). See complaint in the Underlying Lawsuit, attached to Plaintiffs'

Complaint for Declaratory Judgment as Exhibit A (Doc. 2); Rightway's Answer, ¶ 13 (Doc. 9).  Plaintiffs issued various insurance policies to Rightway, pursuant to which Rightway seeks a defense and indemnity for the claims asserted against it in the Underlying Lawsuit.  See Complaint, ¶¶ 20-22, and Rightway's Answer thereto (Docs. 1, 9).  After receiving notice of the Underlying Lawsuit, Owners retained counsel to defend Rightway against the Underlying Lawsuit, subject to complete reservations of rights.  See id, ¶¶ 23-24.  Here, Plaintiffs seek a declaration from this Court that the insurance policies they issued to Rightway afford no coverage for the facts and claims upon which the Underlying Lawsuit is based, and that Plaintiffs consequently have no duty to defend or indemnify Rightway in the Underlying Lawsuit.  See Complaint, generally (Doc. 1).

Plaintiffs filed this action against both Rightway and Mitchell, as Mitchell may also have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.  See Complaint, ¶¶ 3-5 (Doc. 1).  Mitchell subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), stating that it is an Alabama corporation that is not subject to Georgia's long-arm statute.  See Mitchell's Brief in Support of Its Motion to Dismiss (Doc. 14).  This Court determined that it cannot exercise

personal jurisdiction over Mitchell in this case, and therefore granted Mitchell's motion, dismissing Mitchell from this action. <u>See</u> Order (Doc. 38).

Rightway asks the Court to dismiss this declaratory judgment action pursuant to Rule 19(b), arguing that Mitchell is an indispensable party, without whom the coverage questions relating to Rightway's insurance policies with Plaintiffs cannot be decided. <u>See</u> Rightway's Motion to Dismiss and Supporting Brief (Docs. 46, 46-1). Rightway's primary argument in support of its motion is that Mitchell "will be subjected to undue prejudice if it is not joined to this case."[1] <u>See</u> Rightway's Motion, p. 1 (Doc. 46); Rightway's Brief, p. 2 (Doc. 46-1). Such a finding is not required by Rule 19(b) or the case law on which Rightway relies, and Plaintiffs will be without an adequate alternative remedy if this action is dismissed. Rightway's motion should therefore be denied.

---

[1] Rightway often references alleged prejudice to Mitchell if it is not *joined* in this action, but it is undisputed that Plaintiffs initially joined Mitchell as a defendant, and Mitchell was later dismissed for lack of personal jurisdiction upon its own motion. <u>See</u> Docs. 13, 14, 18.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.   Mitchell Will Not Be Unduly Prejudiced by This Court's Determination of the Insurance Coverage Issues in its Absence.**

As Rightway noted, the Eleventh Circuit has recognized that a tort claimant is a necessary party to a declaratory judgment action between an insurer and an insured for the purposes of Rule 19, and should thus be joined in the action if feasible.  See Ranger Ins. Co. v. United Housing of New Mexico, Inc., 488 F.2d 682, 683 n. 3 (5th Cir. 1974); Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981).  Pursuant to Rule 19, when a party is necessary but cannot be joined, the Court must consider whether "in equity and good conscience" the action should proceed among the existing parties or should be dismissed, the absent party thus regarded as indispensable.  Fed.R.Civ.P. 19(b).  Factors the court should consider in making this determination include:  [1] to what extent a judgment rendered in the party's absence might be prejudicial to that party or those already parties; [2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; [3] whether a judgment rendered in the party's absence will be adequate; and [4] whether the plaintiff

- 4 -

will have an adequate remedy if the action is dismissed for non-joinder.  Fed.R.Civ.P. 19(b).

The rule emphasizes practical consequences and its application depends on the circumstances of each case.  Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985), citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-19, 88 S.Ct. 733, 742-43, 19 L.Ed.2d 936 (1968).  The distilled essence of the criteria set forth in Rule 19(b) is the attempt to balance the rights of all concerned. Schutten v. Shell Oil Co., 421 F.2d 869, 873 (5th Cir. 1970); see also Provident Tradesmens, supra.  Once the District Court applies these criteria, its decision regarding whether to dismiss an action for failure (or inability) to join an indispensable party is upheld absent an abuse of discretion.  Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999).

Here, Rightway bases its motion to dismiss almost entirely on its contention that Mitchell will face substantial prejudice and potentially have no means of recovery in the Underlying Lawsuit if this declaratory judgment action proceeds without it, and this Court finds that the insurance policies do not cover Mitchell's claims.  See Rightway's Brief, pp. 2, 6 (Doc. 46-1).  This is but one criteria for the Court's consideration, and does not support dismissal under the facts of this case.

- 5 -

Importantly, Plaintiffs did not fail to join Mitchell in this action as was the case in Ranger and American Safety, upon which Plaintiff relies.  See Ranger, supra; American Safety Cas. Ins. Co. v. Condor Assocs., 129 Fed.Appx. 540 (11th Cir. 2005) (unreported).  Instead, Plaintiffs named Mitchell as a defendant and served Mitchell with a copy of the complaint for declaratory judgment.  Mitchell was therefore fully apprised of Plaintiffs' contention that the insurance policies issued to Rightway do not afford coverage for the claims Mitchell asserts and the damages Mitchell seeks in the Underlying Lawsuit, and of Plaintiffs' request for a binding, legal declaration that they have no duty to defend or indemnify Rightway in the Underlying Lawsuit.

Mitchell contended that it was not subject to this Court's exercise of personal jurisdiction, but Mitchell could have waived personal jurisdiction and litigated the coverage questions pertaining to its claims in the Underlying Lawsuit if it feared it might be prejudiced by this Court's determination of those issues in its absence.  Further, when it moved for its dismissal, Mitchell did not argue that it will be unduly prejudiced if the coverage issues are decided in its absence, and did not move the Court to therefore dismiss the entire action pursuant to Rule 19(b).  See Mitchell's Motion to Dismiss and supporting briefs (Docs. 13, 14, 23).  Rightway does not contend that any harm will

- 6 -

result to the remaining parties if this Court adjudicates the
coverage issues between them.  <u>See</u> Rightway's Brief (Doc. 46-1).
Rightway therefore argues only on behalf of Mitchell, a party
that had an opportunity to be heard, that did not raise any such
arguments on its own behalf, and instead affirmatively sought to
be dismissed from this action and allow the parties to the
insurance contracts to litigate the coverage questions at issue.

Even if Plaintiffs had not initially named Mitchell in this
action, Mitchell could have sought to intervene to protect its
interests in the outcome pursuant to Rule 24(a).  In <u>American
Safety</u>, an unreported opinion relied upon by Rightway, the
Eleventh Circuit acknowledged that the possibility of
intervention may be a relevant factor in considering whether a
party is indispensable under Rule 19(b), and in calculating any
prejudicial effect to that party of its non-joinder.  <u>See</u> <u>Am.
Safety</u>, <u>supra</u>, 129 Fed.Appx. 540, 542-543 (11th Cir. 2005); <u>see
also</u> <u>In re Allustiarte</u>, 786 F.2d 910, 919 n. 2 (9th Cir. 1986)
(the absent parties' failure to intervene when they were not
joined may be considered in determining whether those parties
have been prejudiced by non-joinder).  The Court held that
although the district court could have considered the possibility
of intervention, its failure to do so was not an abuse of
discretion; the Court did not evaluate whether the absent parties

could have intervened and, if so, whether that ability eliminated the potential for undue prejudice to those parties if the action proceeded.  Am. Safety, supra at 543.

The potential for prejudice to Mitchell if this case is decided in its absence is further limited by the fact that the issues presented are generally determined by the court as a matter of law.  The obligations of a party to an insurance policy are a matter of contract, and the parties are bound by the terms of the policy.  Resolution Trust Corp. v. Artley, 24 F.3d 1363, 1367 (11th Cir. 1994).  Generally, an insurer's duty to defend is determined by the terms of the insurance contract.  O'Dell v. St. Paul Fire and Marine Ins. Co., 223 Ga. App. 578 (1996);  Brayman v. Allstate Ins. Co., 212 Ga. App. 96 (1994).  Words in insurance policy provisions, as in all contracts, are to be construed in their ordinary meaning.  Macon-Bibb County Hosp. Auth. v. Continental Ins. Co., 196 Ga. App. 399, 401 (1990).  Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent.  Park 'N Go v. U.S. Fidelity, 266 Ga. 787, 791 (1996).

Under Georgia law, parties to an insurance contract are free to fix the terms of they policy as they desire, as long as the terms are not contrary to the law, and the terms of the policy

may provide coverage for certain risks while excluding others.
Sorema North Am. Reinsurance Co. v. Johnson, 258 Ga. App. 304
(2002).  Further, "as is true with all contracts, unambiguous
terms in an insurance policy require no construction, and their
plain meaning will be given full effect, regardless of whether
they might be of benefit to the insurer, or be of detriment to an
insured."  Id.  Finally, as an insurer must defend the insured
against claims that assert liability under the insurance policy,
even if those claims are groundless, the court in a declaratory
judgment action looks to the allegations of the complaint to
determine whether a liability covered by the policy *is asserted*.
*See* Bituminous Casualty Corp. v. Northern Ins. Co., of N.Y., 249
Ga. App. 532, 533 (2001), citing Penn-American Ins. Co. v.
Disabled American Veterans, 224 Ga. App. 557, 558 (1997).

     This Court is well-equipped to determine whether the
insurance policies Plaintiffs issued to Rightway afford coverage
for the claims asserted and damages sought by Mitchell in the
Underlying Lawsuit pursuant to the plain language of the policies
and applicable Georgia law.  Under the facts and procedural
history of this case and the issues to be decided by the Court,
there is little risk of prejudice to Mitchell if the parties to
the insurance contracts adjudicate the coverage questions without

Mitchell's participation.  The Court should therefore deny
Rightway's motion to dismiss pursuant to Rule 19(b).

**II.  A Declaratory Judgment Regarding Coverage Rendered in
Mitchell's Absence Will Be Adequate as to the Parties to the
Insurance Contracts as Issue.**

Rightway does not assert that its rights or obligations
under its insurance policies issued by Plaintiffs cannot be
adequately determined unless Mitchell is a party to this action.
In fact, because the issues for the Court's determination turn on
the terms of the insurance contracts themselves as compared to
the allegations in Mitchell's complaint in the Underlying
Lawsuit, the Court's ruling should be the same regardless of
which party or non-party may benefit from its decision, and
whether each party that may benefit from its ruling is formally
before the Court.  Further, Mitchell has no more or different
arguments for coverage than Rightway has.  <u>See</u>, e.g., <u>In re
Allustiarte</u>, <u>supra</u>, 786 F.2d at 919 (stating that joinder is not
required where the absent parties' interests are adequately
protected by those who are present).  This, therefore, is not a
case in which complete relief cannot be afforded to Plaintiffs or
Rightway unless Mitchell can be joined and compelled to comply
with the Court's ultimate ruling, and Mitchell is not an
indispensable party to this action.

**III. Plaintiffs May Be Deprived of An Adequate Remedy if Their Declaratory Judgment Action is Dismissed.**

Plaintiffs seek the Court's determination of their obligations to Rightway under the applicable insurance polices in and relating to the Underlying Lawsuit.  Specifically, Plaintiffs contend that the policies do not provide coverage for the claims asserted and the damages sought in the Underlying Lawsuit, and thus request a declaration that they have no duty to defend or indemnify Rightway in that action.  Pending the Court's determination of the coverage issues, however, Plaintiffs have been providing a defense for Rightway in the Underlying Lawsuit. The longer the Underlying Lawsuit proceeds without such a determination, the longer Plaintiffs remain uncertain as to their obligations under the policies, and the longer they may continue to fund Rightway's defense in the Underlying Lawsuit without an obligation under the policies to do so.

Plaintiffs filed this declaratory judgment action in this Court because the insurance policies that form the basis of the action were delivered in Georgia, and Georgia law controls the coverage issues.  GEICO v. Dickey, 255 Ga. 661, 662 (1986); see also Ranger Ins. Co. v. Culberson, 454 F.2d 857, 860 (5th Cir. 1971).  Rightway is also a Georgia resident and subject to this Court's jurisdiction.  See Complaint, ¶ 4 and Rightway's Answer

thereto (Docs. 1, 9).  Rightway states in its brief that
Plaintiffs have an adequate alternative remedy if this action is
dismissed, in that Plaintiffs may bring the action in a court
where both Mitchell and Rightway are subject to personal
jurisdiction.  See Rightway's Brief, pp. 5, 7 (Doc. 46-1).
Mitchell is an Alabama resident, however, and Rightway does not
identify the jurisdiction(s) in which it contends all parties are
subject to personal jurisdiction for the claims at issue in this
action.  See id and Docs. 13, 14.

In the absence of a specific alternate forum with personal
jurisdiction over both Rightway and Mitchell, dismissal of this
action would preclude Plaintiffs from obtaining a declaration of
their rights and responsibilities relating to the Underlying
Lawsuit under the insurance policies, unless Rightway consents to
be sued in Alabama or another jurisdiction where Mitchell may
properly be sued on the same causes of action alleged in
Plaintiffs' complaint herein.  See, e.g., Gellman v. Paul, 85
F.R.D. 357, 359 (D.C.N.Y. 1980).  This weighs in favor of denying
Rightway's motion pursuant to the balancing of all parties'
interests and the factors set forth in Rule 19(b).

## CONCLUSION

For the reasons stated above, this Court should find that
Mitchell is not an indispensable party under the facts and

circumstances of this case, that this action need not be dismissed pursuant to Rule 19(b), and that Rightway's motion should be denied.

This 10th day of May, 2011.

Respectfully submitted,

TALLEY, FRENCH & KENDALL, P.C.

s/ Kimberly DeWitt Mowbray
Michael C. Kendall
Georgia Bar No. 414030
Kimberly DeWitt Mowbray
Georgia Bar No. 567798
*Counsel for Plaintiffs*

3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: 770-577-3559
Facsimile: 770-577-8113
mckendall@bellsouth.net
kdmowbray@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY and | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 5:09-CV-00374-HL |
| | ) | |
| RIGHTWAY DRYWALL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** upon the following parties to this matter by electronically filing the same with the Court via the CM/ECF system, with the Clerk of Court providing notice to the following counsel of record:

Jonathan D. Crumly, Sr., Esq.
MANER CRUMLY CHAMBLISS, LLP
Vinings Square, Suite B-101
2900 Paces Ferry Road
Atlanta, Georgia 30339

This 10th day of May, 2011.

s/ Kimberly DeWitt Mowbray
Kimberly DeWitt Mowbray