**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**OWNERS INSURANCE COMPANY and AUTO-OWNERS INSURANCE COMPANY,**

    Plaintiffs,

v.

**RIGHTWAY DRYWALL, INC.,**

    Defendant.

Civil Action 5:09-CV-374 (HL)

## ORDER

Before the Court is Defendant Rightway Drywall, Inc.'s Motion to Dismiss (Doc. 46). For the reasons discussed below, the Motion is granted.

In March of 2009, The Mitchell Company, Inc. filed a lawsuit in the United States District Court for the Northern District of Florida. Rightway was named as a defendant in the Florida case. Mitchell contends that Rightway and other defendants manufactured, distributed, and sold defective Chinese drywall that was used by Mitchell in the construction of homes in Alabama and Florida.

Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company issued commercial general liability insurance and commercial umbrella insurance policies to Rightway. On October 22, 2009, Plaintiffs filed this declaratory judgment action seeking a judgment that they have no duty to defend or indemnify Rightway for the claims asserted in the Florida lawsuit.

Mitchell subsequently filed a motion to dismiss in this case, alleging that the Court lacked personal jurisdiction over it. After the issue was fully briefed, the Court

determined that it in fact did not have personal jurisdiction over Mitchell. On February 9, 2011, the Court entered an order dismissing Mitchell from the case.

Rightway now contends that because Mitchell has been dismissed from the case, Plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 19 because Mitchell is an indispensable party. The Court agrees. Eleventh Circuit law is clear that the tort claimant is a required party to a declaratory judgment action under Rule 19. Am. Safety Cas. Ins. Co. v. Condor Assocs. Ltd., 129 Fed. Appx. 540, 542 (11th Cir. 2005). In American Safety, the Eleventh Circuit held that it "probably would have been error" if the district court had not followed the binding case of Ranger Insurance Co. v. United Housing of New Mexico, 488 F.2d 682 (5th Cir. 1974).[1] In Ranger, after applying the Rule 19(b) factors, the court determined that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without the tort claimants, "the claimants' interests would be prejudiced." Id. at 683. The Ranger court held that if the injured party, who was not included in the declaratory judgment action, received a judgment against the insured in the underlying lawsuit, the injured party would have to contend with the *stare decisis* effect of a judgment in a case in which it was not involved or would be forced to re-litigate the effect of the judgment in a separate, direct action against the insurer. Id. The Court is bound by Ranger and its rule. See also Colony Nat'l Ins. Co. v. The

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Teaford Co., Inc., No. 2:10-CV-28, 2010 WL 4339369, at *2 (N.D. Ga. Oct. 26, 2010) (dismissing declaratory judgment action after the injured tort claimants were dismissed for lack of personal jurisdiction); Owners Ins. Co. v. Bryant, No. 305CV48CAR, 2006 WL 50488, at *4 (M.D. Ga. Jan. 9, 2006); Greenwich Ins. Co. v. Rodgers, 729 F.Supp.2d 1158, 1165 (C.D. Cal. 2010).

The fact that Mitchell was originally joined as a defendant but was dismissed does not change the outcome. Plaintiffs take the position that Mitchell could have waived personal jurisdiction and litigated the coverage issue if it was concerned about being prejudiced by the Court's determination of those issues. Plaintiffs also point out that Mitchell never argued in its motion to dismiss that it could be prejudiced if the Court decides the coverage issues in its absence. The Court finds, however, that Mitchell was not required to waive jurisdiction or make any arguments regarding potential prejudice in its motion to dismiss. Mitchell was entitled to move for dismissal under Rule 12 if it believed the Court did not have personal jurisdiction over it. Mitchell was not required at that time to make arguments relating to anything other than the jurisdictional issue.

Rightway's Motion to Dismiss (Doc. 46) is granted, and Plaintiffs' complaint is dismissed. The Clerk of Court is directed to close this file.

**SO ORDERED**, this the 22nd day of June, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh